UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| KANDANCE WELLS | CIVIL ACTION NO. 23-cv-1412 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| OCHSNER L S U HEALTH SHREVEPORT ET AL | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

Kandance Wells ("Plaintiff"), who is self-represented, filed this civil action against two healthcare defendants based on allegations regarding the medical care afforded Plaintiff's mother. Plaintiff was granted leave to proceed in forma pauperis conditioned on her completion of the summons and a USM-285 form for each defendant and delivering them to the clerk of court. The order (Doc. 5) warned that if the completed forms were not submitted as directed, the complaint may be dismissed.

Plaintiff instead filed a motion (Doc. 9) that asked for an undefined extension of deadlines based on the hospitalization of her mother. She stated that she was unable to submit documents as requested, and she asked for "preliminary hearings" in the case. The court issued an order (Doc. 13) that denied the motion and advised: "Plaintiff's first concern should be completing the service papers and returning them to the clerk of court so that the marshal may attempt service on the defendants." Plaintiff was allowed until December 22, 2023 to comply with the requirement. Almost two months have passed since the deadline, and Plaintiff has filed nothing.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Failure to prosecute provides another grounds for dismissal. "A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988), citing Fed. R. Civ. P. 41(b). "The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant." Id., citing Link v. Wabash Railroad, 82 S.Ct. 1386, 1388-90 (1962).

Plaintiff has twice been instructed on how to take the simple but necessary steps to obtain service of her complaint. She was given a reasonable extension of time but, even though the deadline has long passed, failed to submit service papers or demonstrate good cause for a further extension. The case cannot move forward without service of process, and the court cannot accomplish that task without Plaintiff's participation. If she is unable to accomplish this simple step, then it is unlikely that she would be able to comply with the more significant demands of federal litigation. Dismissal is warranted for lack of timely service and for failure to prosecute.

Accordingly

It is recommended that this civil action be dismissed without prejudice for failure to make timely service as required by Fed. R. Civ. Pro. 4(m) and for failure to prosecute.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of February, 2024.

_____
Mark L. Hornsby
U.S. Magistrate Judge